IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00689-PAB-BNB

JEFFREY MARK ZARING

Applicant,

v.

R. WILEY, Warden, Federal Prisoner Camp, Florence,

Respondent.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
---

This matter arises on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #1, filed 3/27/2009] (the "Application") filed by Jeffrey Zaring (the "petitioner"). An Order to Show Cause why the Application should not be granted was entered on May 1, 2009 [Doc. #11]. For the following reasons, I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and the Application be DENIED.

### I. BACKGROUND

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The petitioner is currently incarcerated by the Federal Bureau of Prisons ("BOP"). *Application*, p. 1.[1] He claims that he is entitled to prior custody credit against his federal sentence.[2]

The record establishes the following facts:

1. The petitioner was arrested in Utah by the Davis County Sheriff's Office on December 8, 2003, and charged with Possession with Intent to Distribute a Controlled Substance; Possession of a Controlled Substance; Possession of a Controlled Substance Without a Container; and Possession of Drug Paraphernalia. The state charges were dismissed to allow federal prosecution. The date of the federal offense is December 8, 2003. The petitioner has been held in continuous custody since that date. *Response to Order to Show Cause* [Doc. #14] (the "Response"), Ex. A-1, ¶ 16 and Attachments 5-6.

2. On December 11, 2003, the petitioner was arrested by the State of Utah and charged in case number 031701714 with Distribution of a Controlled Substance in connection with the sale of methamphetamine to an undercover officer. Id. at ¶ 17. On November 23, 2004, the petitioner was sentenced to a term of 1 to 15 years on the state charge. Id. at ¶¶ 7, 22; *Application*, p. 13. The state sentence was ordered to "run concurrent with [the] potential federal sentence, with credit for time served." *Application*, p. 13.

---

[1] I refer to the page numbers of the Application and its attachments as they are assigned by the court's docketing system.

[2] On page 3 of the Application, he claims that he is entitled to 545 days of prior custody credit from December 8, 2003, until June 3, 2005. On page 5 of the Application, he claims that he is entitled to 543 days of prior custody credit from December 10, 2003, until June 3, 2005.

3. The United States Marshal Service ("USMS") assumed custody of the petitioner from February 11, 2004, through May 23, 2005. During this time, he was housed in the Davis County Jail while on a federal writ. *Response*, ¶ 18 and Attachment 1, Sections III and IV.

4. On May 16, 2005, the petitioner was sentenced in the federal case.[3] Id. at ¶ 6. He was sentenced to 121 months to run concurrently with the state sentence, with credit for time served. Id. and Attachment 2; *Application*, p. 9. Following sentencing, the USMS returned the petitioner to state custody on May 23, 2005. *Response*, Ex. A-1, ¶ 18 and Attachment 1, Section III.

5. The petitioner was incarcerated in the Utah State Prison for the state charge from June 3, 2005, until his state case was terminated on February 7, 2006. Id. at ¶ 22 and Attachment 3.

6. The petitioner was granted credit against his state sentence for time served in jail from December 5, 2003, through June 3, 2005. Id. The time the petitioner spent in the custody of the USMS was either time the state credited against his sentence or time spent in service of his state sentence. Id.

## II. ANALYSIS

Prior custody credit against a federal sentence is governed by 18 U.S.C. § 3585:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or

---

[3]His judgment was amended on November 1, 2007 to correct a clerical mistake. Id. at Attachment 2.

> (2) as a result of any other charge for which the defendant was
> arrested after the commission of the offense for which the sentence
> was imposed;
>
> <u>that has not been credited against another sentence.</u>

18 U.S.C. § 3585(b) (emphasis added).

Here, petitioner was granted credit against his state sentence for time served in jail from December 5, 2003, through June 3, 2005.[4] Therefore, he may not receive credit for this time against his federal sentence.

The petitioner argues that the evidence relied upon by the respondent is "legally deficient." The respondent relies on the Declaration of John A. Farrar, Policy and Correspondence Specialist at the Designation and Sentence Computation Center in Grand Prairie, Texas. *Response*, Ex. A-1. The petitioner challenges the declaration of John A. Farrar and a letter attached to Mr. Farrar's declaration, arguing:

> [T]he declaration of John A. Farrar is not "legally sufficient" or
> competent "evidence" in this proceeding. Mr. Farrer is employed
> by an agent of the Bureau of Prisons, i.e., an agent of Respondent,
> and Mr. Farrar can in no way be determined to be a "neutral"
> affiant in this case. Mr. Farrar works for Respondent, and he has a
> stake in the outcome of this case. Any declaration by him,
> purporting to "personal knowledge and information" from official
> records is nothing more than a conclusion by a witness with a stake
> in the outcome of the proceedings, nothing more, nothing less.
> The documents referred to are from the records of the Bureau of
> Prisons, Respondent's records, and not the records from the state
> prosecution or the federal prosecution that is the subject of
> Zaring's claim for relief. Accordingly, the exhibits appended to
> the Respondent's response do not carry the evidentiary probative
> value as the exhibits appended to the original petition, the exhibits

---

[4]It is unclear from the record why the petitioner was granted credit beginning December 5, 2003, instead of beginning on December 8, 2003, when he was arrested. Because the credit favors the petitioner, I do not seek clarification on this issue.

4

> that Respondent would have this Court disregard without even
> challenging their authenticity, nor their probative value.
>
> One document challenges Zaring's claims, that being a letter from
> Tamara L. Hart, Case Analyst for the Utah Board of Pardons &
> Paroles. Ms. Hart concludes that Zaring was given credit for time
> served in jail from December 5, 2003 until June 3, 2005 when
> Zaring was transferred to the Utah State Prison. Unfortunately,
> this conclusion is reached by a document appended thereto which
> purports to be the time credited on Case No. 031701714, but there
> is no credit for time served in county jail attributed in this record to
> Utah Offender #132466. Utah Offender #132466 is Jeffrey Zaring.
> No one knows which Utah Offender the record appended to Ms.
> Hart's letter applies, as there is no name, or Utah Offender number
> referenced. There is no affidavit by Ms. Hart, nor any business
> records affidavit by the custodian of records that affirms under
> oath that the record appended to Ms. Hart's letter is, in fact, the
> record of Jeffrey Zaring, Utah Offender #132466. This deficiency
> is "legally deficient", to coin a phrase from Respondent. Zaring
> challenges the authenticity and probative value of Tamara Hart's
> letter and the attachment thereto. The exhibits are neither self
> authenticating nor probative.

*Jeffrey Mark Zaring's Pro Se Amended Reply to the Respondent's Response to this Court's Order to Show Cause* [Doc. #16] (the "Reply"), p. 10.

The declaration, the letter, and the attachment to the letter are competent evidence. Mr. Farrar's declaration is made based upon his personal knowledge and upon information which was made known to him from official records that were reasonably relied upon by him in the course of his employment. *Response*, Ex. A-1 at opening paragraph. Mr. Farrar declares that Attachment 3 to the Declaration is a true and accurate copy of a letter from the Utah Board of Pardons and Parole. Attachment 3 is a letter addressed to Mr. Farrar from Tamara L. Hart, Case Analyst for the Utah Board of Pardons & Parole. The letter states:

> We have reviewed our records for Mr. Zaring at your request. Mr.
> Zaring was incarcerated in the Utah State Prison on case
> #031701714 from 6/3/2005 until his case was terminated on

5

> 2/07/2006. Additionally, he was granted credit for time served in
> jail on this case from 12/05/2003 through 6/03/2005. Following
> this letter, I am sending a copy of a page from his electronic file
> which clearly shows credit for time served on this case.

Attached to the letter is document which contains the case number of the plaintiff's state case--#031701714. The document states that 354 days of pre-conviction credit were earned from 12/05/2005 to 11/23/2004; 192 days of post-conviction credit were earned from 11/23/2004 to 06/03/2005; and 240 days prison credit were earned from 06/03/2005 to 02/07/2005. The petitioner's assertion that this document does not apply to him is contrary to its contents and is incredible.

Moreover, the evidence is relevant because, unlike the petitioner's evidence, it strikes at the very heart of the matter at issue in this case--whether the petitioner has already been granted credit against his state sentence for time served in jail from December 5, 2003, through June 3, 2005.

In addition to challenging the defendant's evidence, the petitioner makes several arguments in an attempt to show that he is entitled to prior custody credit against his federal sentence. The arguments are without merit, and do not contradict the fact that he already received the prior custody credit against his state sentence.

The petitioner first argues that because the respondent did not specifically address each and every one of his exhibits, the petitioner is entitled to habeas relief. *Reply*, pp. 1-3. This argument is frivolous.

Next, the petitioner points to the amended federal judgment which states that the petitioner's term of 121 months shall run concurrently with the previously imposed state sentence and that the petitioner shall receive credit for time served. The petitioner claims that

the federal judge included this language in the judgment "for the express purpose of guaranteeing the precise 'prior custody credit'" the petitioner now seeks. *Reply*, p. 3, § 2A.

Section "3585(b) does not authorize a district court to compute [prior custody] credit at sentencing." United States v. Wilson, 503 U.S. 329, 331-35 (1992). The BOP, not the sentencing court, calculates a prisoner's credit for time served. Azure v. Gallegos, 97 Fed.Appx. 240, 244 (10th Cir. March 26, 2004) (citing Wilson, 503 U.S. at 331-35 and Bennett v. United States Parole Comm'n,, 83 F.3d 324, 328 (10th Cir. 1996)); Torres v. Brooks, 2000 WL 158963 (10th Cir. Feb.15, 2000) (notwithstanding statement by federal sentencing judge that petitioner should be credited, petitioner not entitled to credit for time spent in state custody prior to commencement of his federal sentence because section 3585(b) prohibits such double credit).

The petitioner also asserts that "by all appearances there was no question among the [state and federal] judges participating in sentencing Zaring that all concerned expected that Zaring would serve concurrent sentences." *Reply*, p. 4, § B. There is no evidence in the record that the petitioner's state and federal sentences did not run concurrently, and it is unclear how this assertion relates to the petitioner's claim regarding prior custody credit.

The petitioner also claims that he was in federal custody the entire time he was in the Davis County Jail because the state filed a writ of habeas corpus ad prosequendum on September 8, 2004, which states that he was in federal custody.[5] *Response*, p. 6. The petitioner

---

[5]The Writ states:
> The Davis County Attorney states that Jeffery Marc Zaring, who is presently confined in the Davis County Jail under the authority of the U.S. Marshall [sic] pursuant to an order of the U.S. District Court, is the defendant in the above-entitled case pending before the Honorable Thomas L. Kay at the Second District Court in and for the Sate of Utah . . . . The presence of the defendant in the said

7

further claims that an entry on his federal docket sheet proves that he was in federal custody.[6] *Response*, pp. 6-7. Finally, he claims that two detention hearings were held when he was in federal court, and "detention hearings are not held in federal court unless the defendant is in 'federal custody.'" Id. at p. 7.

The record shows that the USMS had custody of the petitioner on a federal writ from February 11, 2004, through May 23, 2005. The record further shows that all of the time the petitioner spent in the custody of the USMS was credited to his state sentence. Regardless of the petitioner's arguments, under 18 U.S.C. § 3585(b) the BOP is precluded from awarding the petitioner prior custody credit against his federal sentence. The language of the state writ, the entry in the federal docket sheet, and the federal detention hearings do not alter the mandate of section 3585(b). See e.g., Cathcart v. U.S. Bureau of Prisons, 2000 WL 554547, at *2 (10th Cir. May 4, 2000)(section 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence).

### III. CONCLUSION

I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and the Application be DENIED.

---

        court is required on September 15, 2004 at 8:30 am for the purpose
        of Jury Trial.
*Application*, p. 14.

[6]The entry states "Writ of Habeas Corpus ad Prosequendum executed as to Jeffrey M. Zaring fully on 2/12/04; state charges done - no writ needed, USMS assumes custody." *Application*, p. 18.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 2, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge