IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00689-PAB

JEFFREY MARK ZARING,

      Applicant,

v.

R. WILEY, Warden, Federal Prison Camp Florence,

      Respondent.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States

Magistrate Judge Boyd N. Boland [Docket No. 26].  The magistrate judge recommends

that the Court deny the petitioner's application for a writ of habeas corpus pursuant to

28 U.S.C. § 2241 (the "Application") [Docket No. 1].  Petitioner filed objections to this

recommendation [Docket No. 28], and the respondent filed a response [Docket No. 29].

Therefore, the Court reviews this Application *de novo*.  *See* Fed. R. Civ. P. 72(b)(3).  In

so doing, the Court construes petitioner's filings liberally because he is a pro se litigant.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).

Petitioner is an inmate at the Federal Prison Camp in Florence, Colorado,

serving a 121 month sentence imposed by the United States District Court for the

District of Utah on May 16, 2005.  Docket No. 1 at 1-2.  The State of Utah arrested

petitioner on drug charges in mid November 2003 in case number 031701714.  On

November 25, 2003, the petitioner was released on bond in that case.  Docket No. 1,

Attach. 1-1.  On December 8, 2003, the State of Utah arrested petitioner on new drug

charges; the State dismissed its charges in lieu of federal prosecution in that matter.

Petitioner has been in continuous custody since December 8, 2003.

On November 23, 2004, while his federal case was pending, petitioner was

sentenced by the State of Utah to a one to fifteen year sentence in case number

031701714, to be served concurrently with his federal sentence.  Petitioner completed

his state sentence on February 7, 2006 and was then transferred to BOP custody.

Petitioner contends that he is entitled to credit against his federal sentence from

the date of his arrest on December 8, 2003 in his federal case to June 3, 2005, the date

he was committed to Utah state prison to serve a one to fifteen year sentence in his

state case.  Respondent, however, submitted evidence that this time was credited

against petitioner's state sentence.  Docket No. 14-1 at 16-17.  Although petitioner

challenges the authenticity of this evidence, he does not dispute that this time was

credited to his state sentence.  Instead, petitioner argues that, if the state credited him

for this time, it was in error because he was not in state custody during this period.

Petitioner argues that he was released on bail in his state case before he was arrested

on December 8, 2003, and from that point until he was transferred to state prison, he

was in federal custody.  *See* Docket No. 30 at 6-7.

Section 3585(b) of Title 18 of the United States Code provides that

[a] defendant shall be given credit toward the service of a term of
imprisonment for any time he has spent in official detention prior to the
date the sentence commences-
        (1) as a result of the offense for which the sentence was imposed;
        or

2

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner is correct that the magistrate judge's Recommendation does not address the evidence that he was released on bond in his state case before he was charged in his federal case.  However, his release on bond does not alter the magistrate judge's conclusion.  Petitioner does not dispute that he received credit for the period at issue against his state sentence.  As the Recommendation correctly found, the credit sought by petitioner constitutes time "credited against another sentence."  *See* 18 U.S.C. § 3585(b).  That the State of Utah may have erred in crediting this time against the state sentence is immaterial.  Rather, § 3585(b) mandates that petitioner not receive credit in both his federal case and his state case for the same block of time. Therefore, I agree with the Recommendation that petitioner's Application must be denied.

The petitioner additionally filed an objection to the magistrate judge's earlier decision to grant a protective order [Docket No. 23], which he then moved to withdraw [Docket No. 37], explaining that he had misunderstood the order of reference to the magistrate judge.  Docket No. 37 at 1.  Petitioner also filed a motion for leave to conduct post-recommendation discovery [Docket No. 36], which he has also since abandoned [Docket No. 39] at 1.  The Court will not consider the substance of these motions, as petitioner no longer seeks the relief they request.  Finally, petitioner filed a motion for relief to be granted under 18 U.S.C. § 3585(b) which addresses the

substance of his original Application, and whose arguments are addressed above.

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 26] is **ACCEPTED**.  It is further

**ORDERED** that petitioner's Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241 [Docket No. 1] is **DENIED**.  It is further

**ORDERED** that petitioner's Motion for Relief to be Granted Under 18 U.S.C.

3585(b) for Time Served on Sentence [Docket No. 32] is **DENIED**.  It is further

**ORDERED** that petitioner's Pro Se Objection to the Magistrate's Pre-Hearing

Granting of Respondent's Motion for Entry of Protective Order [Docket No. 23] is

**DENIED** as moot.  It is further

**ORDERED** that petitioner's Pro Se Motion for Leave to File Post-Magistrate

Recommendation Discovery [Docket No. 36] is **DENIED** as moot.  It is further

**ORDERED** that petitioner's Pro Se Motion to Dismiss Appeal from Magistrate's

Protective Order [Docket No. 37] is **DENIED** as moot.  It is further

**ORDERED** that respondent's Motion to Submit Surreply in Opposition to

Applicant's Motion to Conduct Discovery [Docket No. 40] is DENIED as moot.  It is

further

**ORDERED** that this case shall be dismissed with prejudice.

DATED December 30, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge